Karen A. Confoy, Esq.
**FOX ROTHSCHILD LLP**
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648
Telephone: (609) 896-3600
Facsimile: (609) 896-1469
Email: kconfoy@foxrothschild.com

Jonathan D. Pressment, Esq. (Admitted *Pro Hac Vice*)
**HAYNES AND BOONE, LLP**
30 Rockefeller Plaza, 26th Floor
New York, NY 10112
Telephone: (212) 659-7300
Facsimile: (212) 918-8989
Email: jonathan.pressment@haynesboone.com

*Attorneys for Applicants,*
*Michael Kors, L.L.C., Michael Kors (Canada) Co.,*
*Michael Kors (Canada) Holdings Ltd., and*
*Michael Kors (Switzerland) International GmbH*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: APPLICATION PURSUANT TO 28 U.S.C. § 1782 OF MICHAEL KORS, L.L.C., MICHAEL KORS (CANADA) CO., MICHAEL KORS (CANADA) HOLDINGS LTD., AND MICHAEL KORS (SWITZERLAND) INTERNATIONAL GMBH FOR ORDER TO TAKE DISCOVERY IN MICHAEL KORS, L.L.C., ET AL. V. BEYOND THE RACK ENTERPRISES INC., COURT FILE NO. T-943-11 | Civil Action No. 2:15-cv-01978-CCC-JBC |

**ORDER GRANTING MICHAEL KORS' MOTION TO SEAL MATERIALS DESIGNATED AS CONFIDENTIAL INFORMATION UNDER THE NOVEMBER 24, 2014 FRESH AS AMENDED PROTECTIVE ORDER ISSUED BY THE FEDERAL COURT OF CANADA**

**THIS MATTER** having been opened to the Court by Applicants, Michael Kors, L.L.C., Michael Kors (Canada) Co., Michael Kors (Canada) Holdings Ltd., and Michael Kors

(Switzerland) International GmbH (collectively, "Michael Kors"), through their counsel, Fox Rothschild LLP, for entry of an Order granting Michael Kors' Motion to seal materials designated as Confidential Information under the November 24, 2014 Fresh as Amended Protective Order issued by the Federal Court of Canada pursuant to L. Civ. R. 5.3(c); and the Court, having considered the papers submitted in support of the Motion, *and no opposition having been filed thereto* hereby makes the following Findings of Fact and Conclusions of Law and issues the following Order to Seal:

## FINDINGS OF FACT

1. On June 7, 2011, Michael Kors initiated an action before the Federal Court of Canada in Toronto, Ontario (the "Canadian Court") against Beyond the Rack Enterprises Inc. ("BTR"), which is captioned as *Michael Kors, L.L.C. et al. v. Beyond the Rack Enterprises Inc.*, Court File No. T-943-11 (the "Foreign Proceeding").

2. The Canadian Court issued a Fresh as Amended Protective Order on November 24, 2014 (the "Protective Order"). (March 16, 2015 Declaration of Jonathan D. Pressment, Esq. in Support of Motion to Seal Materials ("Pressment's Sealing Decl."), Ex. A).

3. The Foreign Proceeding is governed by the Protective Order.

4. Michael Kors is required to treat information designated as Confidential Information in accordance with the terms of the Protective Order.

5. Information can be designated as Confidential Information under the Protective Order by Michael Kors, BTR, or suppliers to BTR (whether direct or indirect) who have produced information in this proceeding. (Pressment's Sealing Decl., Ex. A, ¶ 2).

6. Michael Kors may use portions of Confidential Information as necessary to bring proceedings in other jurisdictions in order to enforce an Order made by the Canadian Court requiring third party discovery. (Pressment's Sealing Decl., Ex. A, ¶ 17).

7. In doing so, Michael Kors must take all reasonable steps to ensure that any Confidential Information filed in support of an application for discovery in another jurisdiction is treated confidentially. (Pressment's Sealing Decl., Ex. A, ¶ 17(c)).

8. As part of the discovery process in the Foreign Proceeding, BTR has disclosed the names of its suppliers of Michael Kors branded products.

9. Any information relating to BTR's internal suppliers constitutes Confidential Information under the Protective Order. (Pressment's Sealing Decl., Ex. A, ¶ 1(b)(ii)).

10. Accordingly, BTR has designated the names of its suppliers – including the supplier based in New Jersey – as Confidential Information.

11. One of BTR's internal suppliers of Michael Kors branded products is based in New Jersey; any request for judicial assistance in obtaining discovery from this supplier must be brought in this Court.

12. All application materials which contain the names of any BTR supplier, including the name of BTR's supplier in New Jersey, contain Confidential Information.

13. On April 1, 2015, The Court granted Michael Kors' Motion to Seal certain materials containing Confidential Information. Those materials included: (i) Michael Kors' *Ex Parte* Application for Relief Pursuant to 28 U.S.C. § 1782; (ii) the Memorandum of Law in Support of Michael Kors' *Ex Parte* Application for Relief Pursuant to 28 U.S.C. § 1782; (iii) the Declaration of Jonathan D. Pressment in Support of Michael Kors' *Ex Parte* Application for Relief Pursuant to 28 U.S.C. § 1782 ("Pressment *Ex Parte* Application Decl."); and (iv) Exhibits C, F, G, H, I and J to the Pressment *Ex Parte* Application Decl.

14. The Court now finds that Exhibit 7 to the Declaration of Mark Edward Davis in Opposition to Respondent's Motion to Quash Subpoena Or (Alternatively) For In Camera

Inspection, Entry Of An Appendix "S" Confidentiality Order Or Similar Relief ("Davis Decl.") is identical to Exhibit C to the Pressment *Ex Parte* Application Decl., which Exhibit was ordered sealed on April 1, 2015 because it references the name of BTR's supplier in New Jersey or otherwise disclose names of BTR's suppliers, which constitutes Confidential Information under the Protective Order.

15. The Court further finds that Exhibits C, F, and G to the Declaration of Jonathan D. Pressment, Esq. in Opposition to Respondent's Motion to Quash Subpoena Or (Alternatively) For In Camera Inspection, Entry Of An Appendix "S" Confidentiality Order Or Similar Relief ("Pressment Opposition Decl.") are identical to Exhibits C, F, and G, respectively, to Pressment's *Ex Parte* Application Decl., which Exhibits were ordered sealed on April 1, 2015 because they reference the names of BTR's supplier in New Jersey or otherwise disclose names of BTR's suppliers, which constitutes Confidential Information under the Protective Order.

16. The Court further finds Exhibits H and J to the Pressment Opposition Decl. both reference the name of BTR's supplier in New Jersey or otherwise disclose names of BTR's suppliers, which constitutes Confidential Information under the Protective Order.

17. The Court further finds that Michael Kors has a legitimate interest in sealing the Protected Materials because the identities of BTR's suppliers have been designated by BTR as Confidential Information under the Protective Order, which are maintained in confidence and are not generally known by the public. (Pressment's Sealing Decl., Ex. A, ¶ 1(a)-(b)).

18. The Court further finds that according to BTR, revealing the names of BTR's suppliers to the public would injure BTR's proprietary interests and competitive position, and would result in a clearly defined and serious injury which includes, but is not limited to, the

disclosure of BTR's commercially-sensitive and confidential information to its competitors.

19. The Court further finds that because (i) Michael Kors has limited the materials to be sealed to materials that identify the names of BTR's Suppliers, and (ii) Michael Kors has the right to use these materials to bring proceedings in other jurisdictions to enforce an Order made by the Federal Court of Canada requiring third party discovery, the least restrictive way of protecting these interests is to permanently seal the Protected Materials under L. Civ. R. 5.3(c).

## CONCLUSIONS OF LAW

20. Although there is a presumptive right of public access to judicial proceedings and records, district courts have recognized that such right is not absolute; and further, that the presumption may be rebutted. In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001).

21. To overcome the presumption of openness, and to justify the entry of an order sealing judicial records, the moving party must demonstrate: (i) a substantial and compelling interest in confidentiality, and (ii) that divulgence would work a clearly defined and serious injury to the party seeking disclosure. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994).

22. Once the movant establishes the foregoing two elements, a district court will engage in a balancing process, pursuant to which the court will weigh the common law presumption of access against those factors that mitigate against access. In re Cendant Corp., 260 F.3d at 194; see also Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 662 (3d Cir. 1991) (holding that a presumption of access alone does not end the court's inquiry as the right to access judicial records is not absolute; indeed, a "presumption is just that" and therefore may be rebutted).

23. Under the test set forth by the Third Circuit in Pansy v. Borough of Stroudsburg,

23 F.3d 772 (3d Cir. 1994), this Court concludes that the Protected Materials should be sealed as a matter of law.

24. The public and private interests in not having the names of BTR's suppliers made generally available to the public outweigh any conflicting public interest in disclosure.

25. Michael Kors has demonstrated each of the elements set forth in Local Civil Rule 5.3(c)(2) for sealing the Protected Materials, to wit:

    a. Michael Kors has described the nature of the materials and proceedings at issue;

    b. There are legitimate public and private interests which warrant the protection of BTR's confidential commercial information, including the names of its suppliers or other business information that might harm its competitive standing. See, e.g., In re Gabapentin Patent Litig., 312 F.Supp.2d 653, 664 (D.N.J. 2004); Westinghouse, 949 F.2d at 662;

    c. The disclosure of BTR's suppliers could result in competitive disadvantage to BTR, a harm that is recognized by law; and

    d. There is no less restrictive alternative because once the names of BTR's suppliers are disclosed to the public, they can never again be sealed or maintained as private, and because Michael Kors has the right to use these materials to bring proceedings in other jurisdictions to enforce an Order made by the Federal Court of Canada requiring third party discovery.

26. Furthermore, sealing is required to comply with the Protective Order.

27. Accordingly, good cause exists for granting Michael Kors' Motion to Seal.

## ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law:

IT IS on this 23rd day of June 2015:

**ORDERED** that Michael Kors' Motion to Seal be and the same is hereby is **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk is directed to permanently seal the following materials:

- <u>Exhibit 7</u> to the Declaration of Mark Edward Davis in Opposition to Respondent's Motion to Quash Subpoena Or (Alternatively) For In Camera Inspection, Entry Of An Appendix "S" Confidentiality Order Or Similar Relief;

- <u>Exhibit C</u> to Declaration of Jonathan D. Pressment in Opposition to Respondent's Motion to Quash Subpoena Or (Alternatively) For In Camera Inspection, Entry Of An Appendix "S" Confidentiality Order Or Similar Relief;

- <u>Exhibit F</u> to Declaration of Jonathan D. Pressment in Opposition to Respondent's Motion to Quash Subpoena Or (Alternatively) For In Camera Inspection, Entry Of An Appendix "S" Confidentiality Order Or Similar Relief;

- <u>Exhibit G</u> to Declaration of Jonathan D. Pressment in Opposition to Respondent's Motion to Quash Subpoena Or (Alternatively) For In Camera Inspection, Entry Of An Appendix "S" Confidentiality Order Or Similar Relief;

- <u>Exhibit H</u> to Declaration of Jonathan D. Pressment in Opposition to Respondent's Motion to Quash Subpoena Or (Alternatively) For In Camera Inspection, Entry Of An Appendix "S" Confidentiality Order Or Similar Relief; and

- Exhibit J to Declaration of Jonathan D. Pressment in Opposition to Respondent's Motion to Quash Subpoena Or (Alternatively) For In Camera Inspection, Entry Of An Appendix "S" Confidentiality Order Or Similar Relief [2]

---

HON. JAMES B. CLARK III
UNITED STATES MAGISTRATE JUDGE

It is further ORDERED that the Clerk of the Court terminate the aforementioned motion [Docket Entry No. 21] accordingly.

---

[2] The Court is aware that any interested party has until July 6, 2015 to move to intervene with respect to this motion to seal. This Order in noway prejudices that right. Should an interested person timely move to intervene, the Court shall reexamine its findings at that time.