**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: APPLICATION PURSUANT TO 28 U.S.C.§ 1782 OF MICHAEL KORS, L.L.C., MICHAEL KORS (CANADA) CO., MICHAEL KORS (CANADA) HOLDING LTD., AND MICHAEL KORS (SWITZERLAND) INTERNATIONAL GMBH FOR ORDER TO TAKE DISCOVERY IN MICHAEL KORS, L.L.C., ET AL. V. BEYOND THE RACK ENTERPRISES INC., COURT FILE NO. T-943-11. | Civil Action No.: 2:15-cv-1978 (CCC)(JBC)  **OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court on the appeal [ECF No. 33] of non-party "[Redacted]"[1] ("Appellant") pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c)(1) from the December 8, 2015 Opinion and Order [ECF No. 32] of Magistrate Judge James B. Clark, III, which denied Appellant's motion to quash a subpoena served by Michael Kors, LLC. ("MK") as well as other related relief. The Court decides the appeal without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.[2] For the reasons set forth below, the Court affirms Judge Clark's Opinion and Order denying Appellant's motion to quash and other related relief. Accordingly, Appellant's appeal is denied.

---

[1] The December 8th Opinion and Order appealed from, which was filed under seal, identifies the name of the Appellant "[Redacted]" and remains under seal to maintain Appellant's confidentiality, in connection with an order of the Canadian court in the underlying litigation.

[2] The Court considers any arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from Judge Clark's Opinion and Order denying Appellant's motion to quash a subpoena served by MK that was issued pursuant to 28 U.S.C § 1782. [See Opinion and Order, ECF No. 32.] The subpoena seeks discovery for a pending action that MK commenced in the Federal Court of Canada (the "Canadian Action"). [Id. at 1.]

In the Canadian Action, MK asserted claims against a Canadian retailer, Beyond the Rack Enterprises Inc. ("BTR"), in connection with the alleged unauthorized sale of MK merchandise. [Id.] One of the principal issues in the Canadian Action is the authenticity of the MK merchandise sold by BTR. [Id.] In order to determine the authenticity, the Canadian Court instructed BTR to identify its suppliers of MK merchandise. [Id.] BTR has identified over thirty suppliers of MK merchandise, one of which is Appellant. [Id.]

To facilitate discovery in the Canadian Action, the Canadian Court issued a series of orders permitting MK to seek discovery from the identified suppliers. [Id. at 1-2.] Pursuant to those orders, MK filed an application in this district court under 28 U.S.C. § 1782 seeking discovery from Appellant. [Id. at 2; see ECF No. 1.] Judge Clark granted the application [ECF No. 11], authorizing MK to serve a subpoena on Appellant seeking documents related to Appellant's supply of MK merchandise [ECF No. 2-5].

After service of the subpoena, Appellant purportedly conducted an internal investigation into the MK merchandise it supplied to BTR. [ECF No. 32 at 2.] Appellant's investigation allegedly revealed that it is not currently selling MK merchandise to BTR and all of the past merchandise that it had sold to BTR was authentic. [Id.] Accordingly, in lieu of responding to the subpoena with any document production, Appellant instead "reached out" and "assured" MK that

2

all MK merchandise it sold to BTR was authentic. [See id; see also ECF No. 16-7 at 8.] Appellant then moved before this Court to quash the subpoena. [ECF No. 16.]

In support of its motion to quash, Appellant claimed that MK's subpoena amounted to a "pretextual fishing expedition" aimed at interfering with Appellant's lawful business activities. [See ECF No. 32 at 2.] Specifically, Appellant argued that MK has no legitimate need for the requested discovery from Appellant and seeks discovery for the improper purpose of cutting off Appellant's suppliers. [See id.] In line with these alleged concerns, Appellant also requested alternative relief in the form of an in camera review of its document production, an order strictly limiting the disclosure of any documents to MK's outside counsel located in New Jersey (which would not include MK's in-house counsel), the sealing of any documents produced to MK, and an order restricting any future depositions of Appellant's representatives to establishing the authenticity of the produced documents only. [Id. at 2-3.]

Judge Clark denied Appellant's motion to quash the subpoena. [Id. at 13.] In doing so, Judge Clark also denied Appellant's requests for alternative relief. [See id. at 7-12.] Appellant filed the instant motion to appeal on December 22, 2015. [See Memorandum Of Law In Support Of Motion To Appeal ("Appellant Opening Br."), ECF No. 33-1.] MK filed an opposition brief on January 19, 2016 [see Memorandum Of Law In Opposition ("MK Opposing Br."), ECF. No 38] and Appellant filed its reply on January 26, 2016 [see Reply Memorandum Of Law In Support Of Motion To Appeal ("Appellant Reply Br."), ECF No. 39].

## II.   LEGAL STANDARD

A magistrate judge may hear and determine any non-dispositive pretrial matter pending before the district court pursuant to 28 U.S.C. § 636(b)(1)(A). See Richardson v. Allied Interstate, Inc., No. CIV.A.09-2265(FLW), 2010 WL 3404978, at *2 (D.N.J. Aug. 26, 2010). A district court

will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). "This Court will review a magistrate judge's findings of fact for clear error." Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 213 (D.N.J. 1997) (citing Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J.1995)). See also Jazz Pharms., Inc. v. Roxane Labs., Inc., No. CIV.A 10-6108 ES, 2013 WL 785067, at *1 (D.N.J. Feb. 28. 2013). Thus, "the magistrate judge is accorded wide discretion." United States v. Sensient Colors, Inc., 649 F. Supp. 2d 309, 315 (D.N.J. 2009) (internal citations and quotation marks omitted).

A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, "is left with the definite and firm conviction that a mistake has been committed." Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990) (quotations omitted). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000) (citations omitted). A magistrate judge's decision is "contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (citing Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J.1998)). "The burden of demonstrating clear error rests with the appealing party." Sensient Colors, 649 F. Supp. 2d at 315 (citing Kounelis, 529 F. Supp. 2d at 518).

## III.   DISCUSSION

### A.   Judge Clark's Denial of Appellant's Motion to Quash

As noted above, MK filed its application for relief pursuant to 28 U.S.C. § 1782, which authorizes a district court to assist a litigant before a foreign or international tribunal. *See* 28

U.S.C. § 1782. [See ECF No. 1.] "A district court is authorized to grant an application under § 1782 if the following three statutory requirements are met:

> (1) the person from whom discovery is sought resides or is found within the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made by a foreign or international tribunal or any interested person."

In re Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782, Case No. 16-2389, 2016 U.S. Dist. LEXIS 68379, at *6-7 (D.N.J. May 25, 2016) (citing In re Application of Microsoft Corp., 428 F. Supp. 2d 188, 192 (S.D.N.Y. 2006)). These statutory requirements do not appear to be at issue in this appeal. Nevertheless, the Court notes that all three are met. First, Appellant is located within this district. Second, the discovery MK seeks is for use in a proceeding pending in a Canadian Court. Third, MK is an "interested person" in the Canadian Action.

In addition to the statutory requirements, the Supreme Court has established four discretionary factors for a district court to consider in granting an application under § 1782. See Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65 (2004). The four factors are:

> (1) whether the evidence sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States; [and] (4) whether the subpoena contains unduly intrusive or burdensome requests.

In re O'Keeffe, No. 15-3129, 2016 U.S. App. LEXIS 6634, at *5-6 (3d Cir. Apr. 12, 2016) (citing Intel, 542 U.S. at 264-65).

Here, Judge Clark found that all four discretionary factors weigh in favor of MK and against Appellant's motion to quash the subpoena. [ECF No. 32 at 7.] First, Appellant's location in New Jersey is outside the jurisdictional reach of the Canadian Courts. [Id. at 4.] Second, "[t]he

parties do not dispute the receptivity of the Canadian courts to U.S. assistance in this matter." [Id. at 5.] Third, neither Appellant nor the evidence in this case suggests that MK's subpoena request is an attempt to circumvent proof-gathering restrictions counter to Canadian or U.S. policy. [Id. at 5.] In fact, the discovery MK seeks "was specifically authorized by the Canadian courts in connection with the Canadian Action." [Id.] Fourth, Appellant admits that the logistics and expenses involved in producing documents pursuant to the subpoena are not overly burdensome. [Id. at 6-7; see ECF No. 24 at 8.] MK has offered to pay reasonable costs to assist with the document production and any deposition testimony and the subpoena is limited to categories of discovery specifically authorized by the Canadian courts and directly relevant to the Canadian Action. [ECF No. 32 at 7.] Moreover, Judge Clark specifically found that Appellant's contention that MK seeks to use the document production to cut off Appellant's suppliers is "entirely speculative." [Id. at 6.]

Appellant's appeal is primarily based on its contention that Judge Clark applied incorrect legal standards in analyzing the fourth discretionary factor in MK's favor. [See generally Appellant Opening Br.] Appellant also advances an argument related to Judge Clark's analysis of the third discretionary factor.

### 1. Discretionary Factor Four: Whether the § 1782 Request is Unduly Intrusive or Burdensome

Appellant's principal contention in this appeal is that Judge Clark employed the wrong legal standard in analyzing whether MK's request was unduly burdensome. Appellant contends that Judge Clark erred by focusing on the logistics and expenses of the discovery requests, noting that MK had offered to pay the costs. [See Appellant Opening Br. at 12.] Appellant argues that Judge Clark failed to adequately consider the substantial burden to Appellant's business of disclosing confidential suppliers and Appellant's fear that MK will improperly use the discovery

to cut off Appellant's suppliers rather than for MK's stated purpose of certifying the authenticity of Appellant's MK merchandise. [Id.]

In support, Appellant relies on Gucci Am., Inc. v. Daffy's, Inc., Civ. Action No. 00-cv-4463, 2000 U.S. Dist. LEXIS 16714 (D.N.J. Nov. 14, 2000) for the proposition that disclosure of confidential information identifying suppliers can be unduly burdensome to a retail or wholesale company. [Appellant Opening Br. at 10.] In Gucci, the defendant argued that Gucci's "real motive [wa]s not to police counterfeit goods, but to find the leak in its supply chain and close it off." See Gucci, 2000 U.S. Dist. LEXIS, at *4. Acknowledging the defendant's concern, the court denied discovery, determining that giving the manufacturer "what it needs to prevent its product from reaching the hands of discounters" would not be "a fair use of trademark litigation." See Gucci, 2000 U.S. Dist. LEXIS, at *27.

Gucci, however, is distinguishable from this case. In Gucci, the party challenging the discovery request produced evidence that Gucci had a known practice of using discovery for business purposes. Id. at *17-18. The court in Gucci noted another court's finding that Gucci "plainly wishes to discourage its authorized distributors, and others, from selling any Gucci merchandise to discounters . . . . Gucci therefore has sought extensive discovery concerning the sources of the Gucci watches sold by [a discounter], even though its complaint cannot fairly be read to question their authenticity." See id. at *18 (citing Gucci America, Inc. v. Costco Cos., Civ. Action No. 98-cv-5613, 2000 U.S. Dist. LEXIS 602, at *2 (S.D.N.Y. Jan. 24, 2000).).

Here, Appellant has not proffered evidence indicating that MK has engaged in any pattern or practice of behavior similar to the conduct discussed in Gucci. Appellant's speculation that MK will use the requested list of suppliers to ruin its business is supported only by standalone statements in a declaration from Appellant's president. [See ECF No. 16-1 ¶ 7 ("In this case, the

names of our vendors are particularly confidential because we fear that [MK] will use that information to identify authorized dealers and attempt to punish them for selling to my company, even though such transactions are permitted.  Once they are identified, my company's business would likely be terminated . . . .").]  However, these unsupported statements, without more, are insufficient to carry Appellant's burden on its motion to quash.  See In re Lazaridis, 865 F. Supp. 2d 521, 524 (D.N.J. 2011) ("On a motion to quash, it is the moving party's burden to demonstrate that the subpoena is burdensome and unreasonable.").

Indeed, in weighing the considerations raised by Appellant, Judge Clark found that Appellant "has provided no evidence to support its assertion that MK has in the past or intends in the future to retaliate against [Appellant] or its suppliers or interfere in any way with [Appellant's] business . . . ." [ECF No. 32.]  Judge Clark also specifically considered and dismissed Appellant's argument that MK was hoping to "'eliminate undesired competition' in violation of 'the fundamental policies of free market competition'". [Id. at 6, n.1.]  Appellant had the burden to show that the subpoena request was unduly burdensome and Judge Clark found that Appellant did not offer sufficient evidence to support its arguments.

Finally, Judge Clark explicitly noted the protective orders in place in the Canadian Action, which will protect the information disclosed by Appellant. [Id. at 9.]  Those protective orders limit the use of confidential information to uses "solely for the purpose of the within proceeding."[3] Thus, the protective orders prevent MK from engaging in the conduct that Appellant fears.

---

[3] One of the protective orders in the Canadian Action limits disclosure to outside counsel who need access to the confidential information for the purposes of the Canadian Action, retained experts, and up to two in-house counsel of the parties. [See Protective Order, Exhibit D, ECF No. 20-3, ¶ 8.]  It also states that "[s]ubject to the terms of this Order or any further Order of the court, designated Confidential Information shall be used solely for the purpose of the within proceeding." Id. ¶ 10 (emphasis added).

2.     Discretionary Factor Three: Whether the § 1782 Request Attempts to
       Circumvent Canadian Proof-Gathering Restrictions or Policies of The
       United States or Canada

Appellant also contends that Judge Clark misapplied the third discretionary factor.

Appellant argues that Judge Clark improperly relied on the fact that the discovery was explicitly

authorized by the Canadian court. [Appellant Opening Br. at 15-16.] Appellant urges that such

deference to the Canadian court was improper because Canadian courts have often rejected similar

requests from U.S. courts without deferring to the U.S. courts' authorization of discovery. [Id.]

However, the cases Appellant cites in support of this argument are inapposite. In those

cases, the Canadian courts used their discretion to deny the discovery requests based on the fact

that alternative means of obtaining the information had not been exhausted. [See id.; see also J2

Global Comm'ns, Inc. v. M.A., No. C51743, 2010 ONCA 594 (CanLII Sep. 15, 2010); Oticon,

Inc. v. Gennum Corp., No. CV-09-380918, 2009 CanLII 72032 (On.S.C. Dec. 22, 2009); Sherman

v. Cross Canada Auto Body Supply, Inc., 87 O.R. 3d 31 (On.S.C. 2010). Here, Judge Clark noted

that MK has shown that the information it seeks is not otherwise available—accordingly, there is no

alternative means of obtaining the requested information.[4]

In this case, MK is not asserting any cause of action for copyright or trademark

infringement against Appellant and is not attempting to gather evidence against Appellant for any

such action. [ECF No. 32.] Rather, MK seeks discovery pursuant to a § 1782 application regarding

the authenticity of goods that Appellant supplies to BTR. That authenticity is at issue in the

Canadian Action. For that limited purpose, Judge Clark found MK's request to be sufficiently

specific, as it is "limited to the categories of discovery authorized in the Canadian Action, only seeks

---

[4] In fact, in arguing that its list of suppliers is confidential, Appellant implicitly demonstrated that
MK has no realistic alternative means of obtaining the requested information.

information from January 1, 2009 to present and is directly relevant to the issues in the Canadian Action." [ECF No. 32 at 7.]

### 3. Judge Clark Properly Analyzed the Discretionary Factors

In light of the above, the Court finds that Judge Clark did not misapply the law or improperly analyze the Intel discretionary factors. Rather, he properly considered all aspects of the potential burden on Appellant from the discovery requests as well as the context of the Canadian Action.[5] His findings were not clearly erroneous or contrary to law.

### B. Judge Clark's Denial of Appellant's Other Requested Relief

Appellant argues that Judge Clark "fail[ed] to consider less burdensome alternative methods of satisfying [MK's] discovery needs." [Appellant Opening Br. at 13.] The Court notes, however, that Judge Clark devoted no less than five pages to Appellant's requests for alternative relief. [See ECF No. 32 at 7-12.]

First, Judge Clark denied Appellant's request for in camera review of the documents, agreeing with MK that such a procedure would be inefficient and unnecessarily delay resolution of the central issue in the Canadian Action—the authenticity of the merchandise. [See id. at 7-8.] Next, Judge Clark denied Appellant's request to prevent disclosure to MK's in-house counsel, noting the important role in-house counsel must play in reviewing the documents and determining how to proceed. [Id. at 8-10.] Judge Clark specifically noted that the protective orders in place in

---

[5] Additionally, the Court notes that at least two other courts have evaluated similar requests by Respondent in connection with the Canadian Action and have ordered that such discovery is permissible. See, e.g., In re Application Pursuant to 28 U.S.C. § 1782 of Michael Kors, LLC, Michael Kors Canada Holdings Ltd., and Michael Kors Switzerland International GMBH, CV 15-00175-UA (CDCA August 19, 2015), ECF No. 53 (noting that MK "has operated for three years under the same restrictions as to other retailers, none of whom have alleged any violations"); In re: Application of Michael Kors, L.L.C. et. al. for judicial assistance for the issuance of a subpoena pursuant to 28 U.S.C. § 1782 to obtain discovery for use in a foreign proceeding, 1:14-MC-00429 (S.D.N.Y. December 31, 2014), ECF No. 8.

the Canadian Action will provide "ample" protection to the suppliers. [See id. at 9.] Judge Clark then denied Appellant's request to seal future filings, finding that the request was not procedurally correct and, in any event, that Appellant had neglected to articulate the harm that would result from disclosure to the public. [Id. at 10-12.] Finally, Judge Clark denied Appellant's request to limit the scope of future depositions, finding it premature at this stage of the proceedings given that no documents have yet been produced and the parties are not certain that depositions will be necessary. [Id. at 12.]

Consistent with Judge Clark's findings, this Court finds that Appellant's requests for alternative relief would be inefficient and unnecessary in this case. The Canadian Court authorized MK to seek discovery from Appellant in order to gather evidence pertaining to the authenticity of MK merchandise supplied by Appellant to BTR. MK has sought that limited discovery pursuant to 28 U.S.C. § 1782. The procedures set forth in 28 U.S.C. § 1782 as well as those in place in the Canadian Action (including the protective orders) have provided, and will continue to provide, Appellant with protection for its confidential information. Appellant has not demonstrated that additional relief is warranted. Accordingly, Judge Clark did not abuse his discretion in making his findings regarding Appellant's requests for alternative relief, nor were any of his findings clearly erroneous or contrary to law.

## IV.    CONCLUSION

For the foregoing reasons, this Court concludes that Magistrate Judge Clark's Memorandum Opinion and Order are not clearly erroneous or contrary to law. Judge Clark's

Memorandum Opinion and Order denying Appellant's motion to quash the subpoena are affirmed.[6] An appropriate order accompanies this Opinion.

DATED: August 23, 2016

_____
**CLAIRE C. CECCHI, U.S.D.J.**

---

[6] The Court has been informed by the parties that BTR has filed for bankruptcy in Canada. Accordingly, the Canadian Action is currently stayed. MK has represented that it "agree[s] to forbear from seeking enforcement of the Subpoena pending the resumption of [MK]'s action against BTR (either in bankruptcy or pursuant to a further order of the Canadian bankruptcy court.)" [See ECF No. 43.]