NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: APPLICATION PURSUANT TO 28 U.S.C.§ 1782 OF MICHAEL KORS, L.L.C., MICHAEL KORS (CANADA) CO., MICHAEL KORS (CANADA) HOLDING LTD., AND MICHAEL KORS (SWITZERLAND) INTERNATIONAL GMBH FOR ORDER TO TAKE DISCOVERY IN MICHAEL KORS, L.L.C., ET AL. V. BEYOND THE RACK ENTERPRISES INC., COURT FILE NO. T-943-11. | Civil Action No.: 2:15-cv-1978 (CCC)(JBC)<br><br>OPINION |

**CECCHI, District Judge.**

This matter comes before the Court by way of non-party [Redacted]'s[1] ("Respondent") Motion for Reconsideration of this Court's August 23, 2016 Order, ECF No. 50, pursuant to Local Rule 7.1(i). Applicant Michael Kors, LLC ("Applicant") submitted a memorandum in opposition on October 3, 2016, ECF No. 53, and Respondent submitted a letter reply on October 7, 2016, ECF No. 56. The Court's August 23, 2016 Opinion, ECF No. 48 ("Op."), denied Respondent's appeal of Magistrate Judge Clark's December 8, 2015 Opinion and Order, ECF No. 32 ("Clark Op."). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Respondent's Motion for Reconsideration.

---

[1] The December 8th Opinion and Order underlying the decision for which reconsideration is sought was filed under seal and identifies the name of the Respondent "[Redacted]." It remains under seal to maintain Respondent's confidentiality, in connection with an order of the Canadian court in the underlying litigation.

## I. BACKGROUND

The facts of this action have been described at great length in a number of opinions issued by this Court, including the Court's most recent opinion, from which Respondent seeks reconsideration. As such, and in the interest of judicial economy, the Court refers the parties to those opinions for factual background.

## II. LEGAL STANDARD

"[R]econsideration is an extraordinary remedy that is granted 'very sparingly.'" *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003); *see also Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). To prevail on a motion for reconsideration, the moving party must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has over looked." L. Civ. R. 7.1(i).

The Court will reconsider a prior order only where a different outcome is justified by: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257882, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed."

*Id.* "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353). Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

### III. DISCUSSION

Respondent lists five places where it claims the Court committed "clear errors of law and fact" that should be corrected: (1) "[t]he Court weighed the interests using the wrong burden and appears not to have considered alternatives less burdensome to [Respondent]"; (2) "[t]he Court appears to have overlooked the evidence demonstrating that the Subpeona was pretextual"; (3) "[t]he Court appears to have overlooked both the full text of the Canadian protective orders and their severe inadequacies"; (4) "[i]n distinguishing this matter from Canadian cases cited by [Respondent], the Court appears to have overlooked critical facts"; and (5) "[t]he Court erred by issuing its decision at this time." For the reasons set forth below, each of the grounds raised by Respondent fails.

#### A. The Court applied the proper burden when weighing the parties' interests in assessing whether the subpoena contained "unduly intrusive or burdensome requests" and properly considered the "alternatives" identified by Respondent.

Respondent first asserts that the "Court did not weigh all relevant interests, using the correct burden of proof, and did not give sufficient consideration to the alternatives." ECF No. 50-1 at 2. The Court cited the standard governing the burden of proof, Op. 8 (citing *In re Lazaridis*, 865 F. Supp. 2d 521, 524 (D.N.J. 2011) ("On a motion to quash, it is the moving party's burden to demonstrate that the subpoena is burdensome and unreasonable.")), and properly treated Respondent as bearing the burden of demonstrating the subpoena is burdensome and unreasonable. In seeking reconsideration, Respondent cites an unpublished, out-of-circuit, district court case involving a different procedural posture. *See* ECF No. 50-1 at 2-3 (*citing Advanced Micro Devices*

3

*v. Intel Corp.*, No. C 01-7033, 2004 WL 2282320, at *3 n.1 (N.D. Cal. Oct. 4, 2004)). Accordingly, Respondent has not demonstrated that the Court has overlooked a "controlling decision[]," L. Civ. R. 7.1(i), or that there was "a clear error of law," *N. River Ins. Co.*, 52 F.3d at 1218.

Furthermore, to the extent Respondent argues that the Court did not give proper weight to specific considerations in assessing whether the subpoena contains unduly intrusive or burdensome requests, the Court and the Magistrate Judge addressed these considerations. Specifically, the Court expressly acknowledged the objective of discovery was to determine the authenticity of the goods at issue, Op. 6-7, considered the terms of the protective orders in place in the Canadian Action, Op. 8, and considered Respondent's "requests for alternatives in the form of disclosures via less burdensome methods."[2] Op. 10-11. Respondent's briefing does not appear to identify any specific errors made by the Court in considering these factors and performing its weighing, but rather seems to object to the weight given to a particular consideration. Respondent's general dissatisfaction with the Court's weighing does not support a motion for reconsideration.

### B. The Court did not overlook evidence demonstrating that the Subpoena was pretextual.

Respondent asserts that the Court overlooked "evidence demonstrating that the Subpoena was pretextual," "incorrectly allocated the burden of proof" to Respondent, and erred in distinguishing this case from two prior cases. ECF No. 50-1 at 6-8. The Court's Opinion makes clear that Respondent's putative evidence was found to either be immaterial or flawed in its

---

[2] Respondent alternatively sought to have *in camera* review or an order permitting review only by Applicant's New Jersey counsel. ECF No. 50-1 at 4. Having carefully considered Respondent's "requests for alternative relief," the Magistrate Judge reasoned that "*in camera* review of the requested documents would not further the interests of judicial economy and efficiency of the interests of either party," Clark Op. 8, and found that a restriction permitting review only by New Jersey counsel was not appropriate in light of, *inter alia*, the important role of in house counsel in aiding in the review, the protective orders in place in the Canadian litigation, and the protections agreed to by Applicant. Clark Op. 8-10.

4

reasoning.³ As to the burden of proof, as above, Respondent relies solely on an unpublished, out-of-circuit district court case, which clearly would not constitute a "controlling decision" under local rule 7.1(i), even if it addressed the issue at hand. Accordingly, this argument is without merit. Similarly, while the Court stands by its decision distinguishing this case from the two *Gucci* cases, neither of those cases is controlling,⁴ and, therefore, Respondent's argument that the Court erred

---

³ First, Respondent points to "authority from both scholars and judges" for the general propositions that trademark holders have incentives to eliminate parallel trade and have been known to engage in pretextual litigation in order to achieve this end. ECF No. 50-1 at 6. This general statement that certain parties have engaged in this practice in other cases provides minimal, if any, support for the proposition that *Applicant* is engaging in such behavior *in this case*. This is particularly true in light of the Court's conclusion that Respondent "has not proffered evidence that MK has engaged in any pattern or practice of behavior similar to the conduct discussed in *Gucci*," Op. 7, in which Gucci had a known practice of using discovery for business purposes.

Second, Respondent points to "the illogical behavior of Applicants in this matter." ECF No. 50-1 at 7. The behavior Respondent points to, generally consists of failing to agree to Respondent's proposed alternatives for discovery. As discussed above, the Magistrate found, and the Court agreed, these alternatives are not appropriate in this case. Accordingly, failing to agree to them is not illogical or evidence that the litigation is pretextual.

Third, Respondent points to the fact that the evidence Applicant is seeking would support an affirmative defense of the opposing party in the underlying Canadian litigation. However, "[t]he purpose of discovery is to achieve 'mutual knowledge of all the relevant facts gathered by both parties.'" *Robinson, v. Horizon Blue Cross-Blue Shield of New Jersey*, No. CIV.A. 12-2981 ES, 2014 WL 3573339, at *2 (D.N.J. July 21, 2014) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947)). Accordingly, under Federal Rule of Civil Procedure 26, "Parties may obtain discovery . . . that is relevant to any party's claim or defense." Applicant's use of discovery in accordance with its intended purpose does not support Respondent's claim of pretext. As Respondent noted in an earlier round of briefing, "U.S. litigants often obtain discovery to disprove a defense." ECF No. 16-7 at 13.

Finally, Respondent asserts that Applicant has sought the same discovery from other suppliers related to the Canadian litigation, and to date has not found evidence of unauthorized sourcing. ECF No. 50-1 at 8. This alone, or taken with the tenuous points above, does not indicate that this proceeding is pretextual.

⁴ The two *Gucci* cases Respondent cites are *Gucci Am., Inc. v. Daffy's, Inc.*, No. CIV.A. 00-4463, 2000 WL 1720738, at *1 (D.N.J. Nov. 14, 2000), and *Gucci Am., Inc. v. Costco Companies*, No. 98 CIV. 5613 RLC FM, 2000 WL 60209, at *1 (S.D.N.Y. Jan. 24, 2000). These do not constitute controlling decisions. *See, e.g., Interfaith Cmty. Org. Inc. v. PPG Indus., Inc.*, 702 F. Supp. 2d 295, 319 (D.N.J. 2010) (providing that "cases in other districts and circuit courts of appeal . . . are not controlling on this court); *Engers v. AT & T*, No. CIV.A. 98-3660(SRC), 2006 WL 3626945, at *2 (D.N.J. Dec. 12, 2006) (indicating district court decisions did not constitute controlling law);

in distinguishing those cases does not provide a basis for reconsideration, particularly in light of the Court's through consideration of the *Gucci* cases. *See* Op. 7-8. As this Court previously explained, in the *Gucci* cases, there was clear evidence provided that Gucci had a known practice of improperly using information obtained in discovery for business purposes. Op. 7-8. That is not the case here, where courts have instead repeatedly found Applicant's use and conduct of similar discovery requests appropriate. Op. 10 n.5.

### C. Respondent's claim that the Court overlooked the text of the Canadian protective orders and the claimed inadequacies appears to be an attempt to relitigate this issue.

Respondent asserts that the Court failed to consider the "inadequacy" of the Canadian protective orders. ECF No. 50-1 a 10-13. As Respondent acknowledges, even assuming Respondent's information is protectable, the Court and the Magistrate Judge both considered the Canadian protective order. ECF No. 50-1 at 12. While Respondent may disagree with the Court regarding the scope of the Canadian protective orders and their significance in this proceeding, "[m]ere 'disagreement with the Court's decision' does not" support a motion for reconsideration. *ABS Brokerage Servs.*, 2010 WL 3257882, at *6. Respondent's position appears to be an impermissible attempt to re-litigate this issue or raise new arguments.[5] *See P. Schoenfeld Asset Mgmt., LLC*, 161 F. Supp. 2d at 352.

---

*Harris v. Manpower Inc.*, No. 09-CV-2368 BEN JMA, 2010 WL 4932249, at *2 (S.D. Cal. Nov. 30, 2010) ("[T]he Court notes that the decision is unpublished and by another district judge; therefore, it is not 'controlling law' for purposes of reconsideration.").

[5] The Court also notes that some of the positions Respondent now takes with regard to the scope of the protective order run contrary to the plain language of the order. For example, contrary to Respondent's representations in its briefing, ECF No. 50-1 at 11, the protective order, on its face, indicates that any disclosure in accordance with paragraph 8(g) would require the written approval of Respondent. *See* ECF No. 19-9 at ¶ 1(e). Similarly, Respondent appears to drastically overstate the narrow scope of paragraph 17 of the Canadian Protective Order, *see* ECF No. 50-1 at 11.

### D. Respondent has not articulated how the Court committed a clear error of law by distinguishing Canadian case law.

Respondent claims that Court should not have distinguished this case from various Canadian cases. ECF No. 50-1 at 13. Respondent appears to assert that like in those cases, here there are possible alternative means of obtaining the requested information that have not been exhausted. ECF No. 50-1 at 13. Both this Court and the Magistrate Judge have already concluded that as a practical matter there are insufficient alternative means of obtaining the requested information in this case, and Respondent has not raised any grounds to disturb this conclusion on reconsideration. Moreover, Respondent has not articulated how this Court would be bound by Canadian case law.

### E. Respondent's Objections to the Court's Timing Do Not Support Reconsideration.

Finally, Respondent argues that the Court should not have issued its decision at this time given the stay of the Canadian litigation.[6] ECF No. 50-1. Nevertheless, Respondent has cited no authority supporting its position other than a "So Ordered" letter, in which a judge in a different district stayed proceedings at the request of a party that anticipated entering bankruptcy. *See* ECF No. 50-2. This factually distinguishable order does not provide grounds for reconsideration.

However, given that Applicant has repeatedly "agreed to forbear from seeking the discovery ordered until such time, if ever, as the action against BTR resumes," *see, e.g.*, ECF No. 53 at 13 n.6, the Court will stay the discovery sought until the Canadian litigation has resumed.

---

[6] Respondent's reliance on Local Civil Rule 16.1 is unavailing in light of the text of that rule and Local Civil Rule 78.1. Moreover, Counsel has been presented significant opportunity to present his argument.

## IV. CONCLUSION

For the foregoing reasons, this Court concludes that Respondent has failed to meet its burden on a motion for reconsideration, and accordingly, Respondent's Motion for Reconsideration, ECF No. 50, is **DENIED**. Applicant will notify the Court in writing upon the resumption of the Canadian litigation and will forbear from seeking the discovery ordered until such time. The stay of discovery will remain in place until further order of this Court. An appropriate Order will accompany this Opinion.

DATED: June 26, 2017

CLAIRE C. CECCHI, U.S.D.J.